UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
    :
ALBARO ACEVEDO,    :
    :    23-CV-4460 (JMF)
        Plaintiff,    :
    :
    -v-    :    MEMORANDUM
    :    OPINION AND ORDER
E&M LOGISTICS STAFFING INC.,    :    APPROVING
    :    SETTLEMENT
        Defendant.    :
    :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    On November 9, 2023, the Court was advised that the parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, had reached a settlement in principle. By Order entered November 13, 2023, the Court directed the parties to submit a joint letter explaining the basis for the proposed settlement and why it should be approved, with reference to the factors set forth in *Cheecks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). *See* ECF No. 26. On November 27, 2023, the parties filed their joint letter, discussing, among other things, Plaintiff's proposed attorney's fees as a pro rata share of the total settlement amount. *See* ECF No. 27. On December 1, 2023, pursuant to the Court's order, Plaintiff's counsel submitted his contemporaneous time records. *See* ECF Nos. 27, 28.

    The Court, having reviewed the parties' letter, finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiff's claim as well as the risks and expenses involved in additional litigation. *See Wolinsky*, 900 F. Supp. 2d at 335-36. Although the FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *id.* at 335 (citation omitted), these concerns are not as relevant when the plaintiff no longer works for the defendant, as is the case here, *see, e.g.*, *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (fact that plaintiffs are "no longer employees of the defendants . . . reduc[es] the danger that the release was obtained through improper job-related pressure").

    The settlement approval is subject to the following condition: Any modification of the settlement agreement must be approved by the Court, regardless of any provision in the agreement that purports to allow the parties alone to modify it.

    In addition, Plaintiff seeks approval of $10,318 in attorney's fees and costs, which is 34% of the settlement amount of $30,000. *See* ECF No. 27, at 2; ECF No. 27-1, at 2. Courts in this Circuit typically approve attorneys' fees that range between 30% and 33%. *See Guzman v.*

*Joesons Auto Parts*, No. 11-CV-4543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also, e.g.*, *Silverstein v. AllianceBernstein LP*, No. 09-CV-5904 (JPO), 2013 WL 6726910, at *9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013).  In line with that precedent, attorney's fees in the amount of one-third of the recovery is appropriate here.

The propriety of the proposed award is also corroborated by Plaintiff's counsel's billing records, showing 21.75 hours devoted to this case at a fee-shifting hourly rate of $500.  The Court need not and does not make any finding as to the reasonableness of that rate, though it has been approved as reasonable by other courts in this Circuit.  *See, e.g.*, *Gumaneh v. Vilano Emp. Servs., Inc.*, No. 22-CV-774 (LTS), 2023 WL 5715613, at *8-9 (S.D.N.Y. Sept. 5, 2023) (concluding that "a rate of $500 per hour[] is a reasonable award" in a similar case handled by Plaintiff's counsel, and noting that "in the last three to five years, courts in this Circuit have awarded [Plaintiff's counsel] $450-$500 per hour in light of his experience and qualifications"); *see also Quispe v. Stone & Tile Inc.*, No. 20-CV-4682 (KAM), 2022 WL 960926, at *6 (E.D.N.Y. Feb. 1, 2022) (finding hourly rate of $500 reasonable for a "solo practitioner with over 20 years' litigation experience); *Canales v. Norwich Serv. Station Inc.*, No. No. 20-CV-4759 (JMW), 2021 WL 5759727, at *5 (E.D.N.Y. Dec. 3, 2021) ("The $500.00 rate has been held to be a reasonable hourly rate for similarly experienced attorneys."); *Meide Zhang v. Liang Zhang*, No. 16-CV-4013 (LGS), 2020 WL 9256464, at *6 (S.D.N.Y. Dec. 21, 2020) (awarding $450 per hour to plaintiff's attorney with "substantial litigation experience").

Accordingly, the Court approves the settlement subject to the condition addressed above.  The Court dismisses the case with prejudice.  All pending motions are moot.

The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: December 4, 2023
       New York, New York

_____
JESSE M. FURMAN
United States District Judge